■ ITALIA IMPORTS, INC., et al., Appellants, v WEISBERG AND LESK et al., Defendants, and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., et al., Respondents. (And Third-Party Actions.) [618 NYS2d 805] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about December 3, 1993, which, insofar as appealed from, granted a motion by defendant American Express Travel Related Services for summary judgment dismissing the complaint as against it, and held that defendant and third-party plaintiff

Bank of New York is not liable to plaintiffs under UCC 3-201, unanimously affirmed, with costs.

Defendant American Express took plaintiffs' checks, which had been misdirected by a faithless employee to make payments on her daughter's private credit card account, as a holder in due course, free of any claims others may have had on it (UCC 3-305), since it was without notice as to those claims (UCC 3-302 [1] [c]). Plaintiffs offer no evidence that American Express had actual notice, and their argument that American Express had constructive notice on the basis of "speculation as to what they had reason to know, or what would have aroused the suspicion of a reasonable person in their circumstances" is meritless (*Hartford Acc. & Indem. Co. v American Express Co.*, 74 NY2d 153, 163). The defendant payor bank was properly held not liable, since it was the transferee of a holder in due course, entitled to assert the rights of the holder in due course (*see, DH Cattle Holdings Co. v Smith*, 195 AD2d 202, 212). Concur—Ellerin, J. P., Wallach, Ross and Williams, JJ.